## City of Quincy

v.

## Daniel O'Brien.

*Municipal Corporations—Stock Running at Large, a Nuisance—Power of City of Quincy to Declare—Fines—Statutes—Repeal by Implication—Ordinance.*

1. An ordinance of the City of Quincy, declaring the running at large of cattle, horses, mules, goats and sheep within its corporate limits a nuisance, and imposing a fine upon the owner for each violation thereof, is authorized by its charter.

2. This power is not affected by Chap. 8, R. S., entitled "Animals," although a vote taken under the statute in the county in which Quincy is situated, resulted in favor of stock running at large.

3. When a municipal corporation is authorized to impose a fine and no limit is fixed, the fine imposed may exceed that imposed by the State for the same offense.

4. The repeal of a statute by implication is not favored and will not be easily presumed.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. L. H. BERGER, City Attorney, for appellant.

Messrs. SIBLEY & PAPE, for appellee.

WALL, J. The question presented by this record is as to the validity of the ordinance of the City of Quincy which declares the running at large of cattle, horses, mules, goats and sheep, within the corporate limits, a nuisance, and imposes upon the owner a fine of not less than $5 for each violation of the ordinance.

It is argued on the part of the city that the power to pass the ordinance is derived from the provision of the charter to be found on page 163, P. L., 1857, which confers authority

"To abate and remove all nuisances and punish the authors thereof by penalties, fines and imprisonment, to define and declare what shall be deemed nuisances and to authorize and direct the summary abatement thereof;" and from the following, found on page 170: "The City Council shall have exclusive power over the streets and alleys, and may abate any and all obstructions and encroachments therein, in such manner as may be provided by ordinance."

Counsel on the other side insist the ordinance is void because of the passage by the General Assembly of the act known as chapter No. 8 of the Revised Statutes of 1874, entitled "Animals," and of a vote taken in Adams County pursuant thereto, which resulted in a majority in favor of stock running at large in said county.

The point thus made is that if the city had the power under its charter, originally, to pass the ordinance, the act and vote referred to abrogated it. We think this position is untenable. That the running at large of domestic animals, such as cattle, horses and sheep, within the limits of a city, may well be deemed a nuisance, can not be seriously controverted. The city certainly had the power, under the charter, to pass the ordinance. In the case of Roberts v. Ogle, 30 Ill. 459, the Supreme Court held that the City of Carrollton, under a similar provision, might prevent swine from running at large within the corporation. It was there argued, against the power, that it was a common right in this State to allow stock to run at large, and it could not be abridged by such an ordinance; but the court held this right, which was conceded, might be wholly destroyed whenever the Legislature deemed it advisable for the public welfare, and that by the charter the power was clearly granted to the corporation to so restrain stock within its bounds. It had been decided many years before, in the case of Seely v. Peters, 5 Gilm. 130, that the common law rule, requiring the owner of stock to restrain it, was not in force in this State, so that such animals might lawfully range at will. The Act of 1874, cited by counsel, provided in the first section that it should be unlawful for certain animals mentioned to run at large except when authorized as

thereinafter provided, and imposed a fine upon the owner for a violation of the act. It also provided, in subsequent sections, that in any county a vote might be taken under certain conditions, and if it resulted in favor of animals running at large, then they might be so permitted. Therefore, in a county where such a vote had been taken with such a result, the situation would be just as it was in the State generally, under the decision in Seely v. Peters; and before the passage of the various statutes of which that of 1874 was a revision.

The first general act of this class, so far as we are aware, was passed in 1872. It is not to be supposed the Legislature intended, by this enactment, to interfere with the power of cities to control the subject within their corporate bounds. The provision still remained in the charters unrepealed, and though the construction placed thereon by the courts was known to the law-maker, nothing expressly inconsistent therewith was incorporated in the law. Repeal by implication is not favored, and will not be so easily presumed. The case of Martin v. People, 75 Ill. 605, cited by counsel, we think not in point.

It is suggested, also, that this ordinance is void because it imposed a mimimum fine higher than that imposed by the statute, and in support of this position we are referred to the case of the Town of Petersburg v. Metzker, 21 Ill. 205. That was a case where the act incorporating the town provided that the town should have power to impose fines for the breach of any ordinance, and direct such punishment to be inflicted for any offense against the laws of the corporation as was provided by law for a like offense against the State, an l it was held that an ordinance inflicting a minimum fine of $5 for an assault and battery, when the minimum fine imposed by the State law for the same offense was $3, was void. There is no such restriction in the charter of Quincy, the only limitation being that fines for violation of ordinances shall not exceed $100.

It has been repeatedly held, where authority is given to impose a fine for an offense, and no limit is fixed, that the fine may be greater than imposed by the State law for the same

offense.  See City of Pekin v. Smelzel, 21 Ill. 464, and cases there cited, also Baldwin v. Murphy, 82 Ill. 485.

The ordinance in question imposes a minimum fine of $5, but fixes no maximum.  In such case the maximum of $100 would be implied, unless the matter is controlled by the terms of ordinance No. 976, which is as follows:

"Whenever in any ordinance the doing of any act or omission of any act or duty is declared to be a breach thereof, and there shall be no fine or penalty declared for such breach, or no maximum or minimum fine or penalty declared for such breach, any person who shall be convicted of any such breach, shall be adjudged to pay a fine of not less than $3 nor more than $100."

What should be the minimum fine is not the point now to be decided, nor has it been discussed.  Hence it is not necesrary to inquire whether this provision is applicable in the present instance.  It is not to be disputed that on the facts in proof the city was entitled to recover, if the ordinance in question is valid.  The judgment of the Circuit Court was for the defendant.

Our conclusion is that the ordinance is valid, notwithstanding the objections raised thereto.  Therefore, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*