## HADLEY v. HENRY.

No. 828. Opinion Filed May 16, 1911.

**MUNICIPAL CORPORATIONS—Animals Running at Large—Power of Municipality to Restrain.** The power of an incorporated town, under subdivision 5 of section 512 of Wilson's Rev. & Ann. Statutes, to restrain horses and other animals from running at large within its corporate limits, is not affected by the provision of an act of the Legislature, approved March 6, 1903, entitled ''An act to regulate and restrain the running at large of domestice animals, and to provide for the building and maintenance of fences'' (Sess. Laws 1903, p. 39), although the district in which such town is located has, prior to enactment of such ordinance, voted that such animals be permitted to run at large within said stock district.

(Syllabus by the Court.)

*Error from Okmulgee County Court; M. M. Alexander, Judge.*

Action by Hugh Henry against George Hadley. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Morgan & Foster,* for plaintiff in error.

*William M. Matthews* and *Ralph H. Ellison,* for defendant in error.

HAYES, J. Defendant in error brought his action in replevin in the court below to recover the possession of one horse. The trial was to the court upon an agreed statement of facts. The facts important in the consideration of the question presented for determination in this proceeding are substantially as follows:

On the 18th day of April, 1908, the board of county commissioners of Okmulgee county divided said county into 11 stock

districts. The incorporated town of Henryetta is situated in one of said districts known as Henry stock district. On the 20th day of June, 1908, an election was held in that district at which it was determined that said district should become a free range; and that certain domestic animals, including horses, should be permitted to run at large. It is conceded by both parties that this election was legally and regularly held. On the 25th day of September following, the town council of Henryetta passed an ordinance prohibiting, among other things, horses from running at large upon the streets of said town. The ordinance provided for the impounding of any such stock caught at large on the streets and prescribed how notice should be given and sale made of such stock for the purpose of defraying the expense of impounding, etc. On the 13th day of October following, defendant in error's horse was caught running at large upon the streets of Henryetta and impounded by the pound master, and thereafter sold under the provisions of the ordinance to plaintiff in error, who had possession of the horse at the time this action was brought. The regularity of this sale under the provisions of the ordinance is not questioned; but it is contended that the ordinance restraining horses from running at large upon the streets of Henryetta is void, because in conflict with the statute regulating the matter of stock running at large in the stock district in which this town is located. A determination of this question will require a brief review of the statutes applicable thereto.

Section 1, art. 1, c. 1, Sess. Laws Okla. 1903, extended in force in the state upon its admission, restrains at all times and seasons certain animals named therein from running at large. Section 2 requires that all domestic animals other than those mentioned in the preceding section shall be restrained by the owner thereof from running at large, unless permitted to run at large as thereafter provided in that act. Section 3 makes it the duty of the county commissioners of any county, when a petition in writing signed by 25 homesteaders or freeholders, legal voters and residents of such county, is presented to them, to divide such county into stock districts, which shall not embrace less than

72 square miles nor more than 144 square miles, and be in compact form. Under the provisions of section 4, after stock districts are established, the residents of any such stock district may, by petition, require the board of county commissioners to submit to the legal voters of such stock district the question whether domestic animals shall be permitted to run at large in, that district; and, if a majority of the legal votes cast in such district at the election is in favor of domestic animals running at large, then the herd law has no operation in such district for a period of three years.

Prior to the admission of the state, that portion of the state constituting Indian Territory was a free range country; and, to relieve the inhabitants of that portion of the state of the hardships the extension of the foregoing statutes inflicted upon some localities therein, an act of the Legislature, entitled "An act to regulate and restrain the running at large of domestic animals," was enacted and approved May 21, 1908 (Sess. Laws 1907-08, c. 4, art. 2.) By section 1 of this act, the board of county commissioners are upon certain conditions permitted to suspend the operation of the herd law in any county or district pending the holding of an election at which the question of whether such law shall operate in such county or district may be determined. Under this statute the herd law may be suspended, pending an election thereon; whereas, under the act of 1903 it could be suspended only by a majority vote at an election thereon. It is also provided by sections 1 and 2 of the last act that such law be suspended by the board of county commissioners upon conditions therein named within the county or district until the people of the county or district have spoken upon the question at an election to be held under the provisions of the foregoing section, chapter 1, of the Laws of Oklahoma of the year 1903; so that the county, as well as the district, becomes a municipal division for the purpose of dealing with this question. In neither the act of 1903 nor in the act of 1908 is any provision made for the board of county commissioners, in districting any county for the purpose of this law, to eliminate from such districts the incorpor-

ated towns, cities, and villages in the county, and the town of Henryetta in the instant case was not excluded from the district, and its resident voters participated in the election held on June 20, 1908, to determine whether the law should operate in the district. Subdivision 5, § 512, Wilson's Rev. & Ann. Stat., authorizes incorporated cities and towns to restrain from running at large cattle, swine, and other animals. There is no contention, and we think there can be none, that this statute does not confer power upon the town of Henryetta to enact the ordinance in question, unless the act of 1903 operated as a repeal thereof, which we do not think to be the case.

The act of 1903 contains no provision expressly repealing any portion of the statute conferring power upon municipal corporations, and repeals by implication are never favored in law; and, in the absence of a clear legislative intent, a later law will not be held to repeal a former one, unless its provisions are so repugnant to those of the former act that both cannot stand. The act of 1903 does not deal with the subject of municipal corporations or their powers. The entire purpose of this act is to provide for compulsory stock law as to certain animals, and for a local option herd law as to other animals. By its provisions, the stock district is made the political or municipal unit for the purpose of dealing with the law enacted by that act. It neither undertakes to authorize nor to prohibit a larger political division or a smaller one from dealing with the question of stock running at large. The act of 1908 appears to have authorized those counties where the stock law was not in force before the admission of the state to determine by an election whether any such county shall have free range or have the stock law; but that act nowhere attempts to prohibit an incorporated town or city from restraining stock from running at large upon its streets. The question settled by the voters at the election in the Henry stock district was that the stock law enacted by the Legislature shall not operate in that district. The ordinance of the town of Henryetta does not put into operation either in the district or in the municipal corporation of that town the stock law enacted by the

Legislature, but creates a police regulation which prohibits the owners of certain domestic animals to permit them to run at large upon the streets of the town.

*City of Quincy v. O'Brien*, 24 Ill. App. 591, is a case in point. In that case the county in which the city of Quincy is situated had taken a vote under a statute by which it had been determined that stock should be permitted to run at large in the county. The city enacted an ordinance declaring that the running at large of certain animals within the corporate limits should constitute a nuisance, and imposed a fine upon the owner of such stock for each violation. The charter of the city, which had been granted before the enactment of the stock law, authorized the city to define and declare what shall be deemed a nuisance and to abate and remove all nuisances and punish the authors thereof. There does not seem to have been any provision in the charter expressly granting to the city power to prohibit the running at large of animals, as in the case at bar; but the court held that, under the provision of the charter authorizing the city to abate and remove nuisances, it had power to prohibit the running at large of stock, notwithstanding the county had voted that such stock would be permitted to run at large. See, also, *Bach et al. v. Ammons*, 106 Ill. 406.

It follows from the foregoing views that the judgment of the trial court must be reversed, and the cause remanded, with direction to render judgment for plaintiff in error.

All the Justices concur.