STANGE *v.* THE CITY OF CLEVELAND.

*Constitutional law — Eight-hour day on public contracts — Conflict of laws — Section 3, Article XVIII, Constitution, 1912 — Section 17-1, General Code (103 O. L., 854) — Section 196, Charter of Cleveland — City ordinance of Cleveland — Criminal law.*

(No. 15114 — Decided July 1, 1916.)

ERROR to the Court of Appeals of Cuyahoga county.

The facts are stated in the opinion.

*Messrs..Squire, Sanders & Dempsey* and *Mr. W. C. Boyle,* for plaintiff in error.

*Mr. W. S. FitzGerald,* director of law, and *Mr. John N. Stockwell,* for defendant in error.

BY THE COURT.   ·Plaintiff in error, Otto Stange, was convicted and sentenced in the municipal court of Cleveland for the violation of an ordinance of the city of Cleveland providing for the enforcement of the eight-hour day on public work.

In the municipal court a demurrer was filed to the affidavit upon which the plaintiff in error was prosecuted.   The demurrer was overruled.   After the judgment in the municipal court was entered it was affirmed, in proceedings in error, by the court of common pleas and the court of appeals of Cuyahoga county.   We are asked to reverse the judgments below.

The ordinance provided that except in cases of extraordinary emergency not to exceed eight hours should constitute a day's work, and not to exceed forty-eight hours a week's work, for workmen engaged on any public work carried on or aided by the city of Cleveland, whether done by contract or otherwise, and "it shall be unlawful for any person, corporation or association who shall employ or direct and control the services of such workmen to require or permit any of them to labor more than eight (8) hours in any calendar day or more than forty-eight (48) hours in any week except in cases of extraordinary emergency."

It is contended that the ordinance is in conflict with Section 3 of Article XVIII of the Constitution, and that it is in conflict with the Constitution

of the United States in that it deprives the citizen of liberty and property without due process of law and denies him the equal protection of the law.

The ordinance was passed October 13, 1914, and was effective 40 days thereafter under the charter of the city. The work done by the plaintiff in error was done pursuant to a contract with the city in the construction of a large filtration plant. The contract was made on the 30th of April, 1914.

On April 28, 1913, the general assembly passed an act of which the ordinance was substantially a copy. Section 3, however, of the statute provided "This act shall be in force and applicable to all contracts let on and after July 1, 1915." (103 O. L., 854.)

It will be observed that the contract was let April 30, 1914, the ordinance passed some six months later, October 13, 1914, and that at the time of making the contract the statute had already been passed but was applicable only to contracts let on and after July 1, 1915.

It is insisted that the ordinance is in conflict with the general law. Section 3, Article XVIII, of the Constitution, enables municipalities to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. The ordinance and the statute in question were passed in the exercise of the police power. The ordinance is a local police regulation applying only to the municipality in which it was passed, but if this

local regulation conflicts with the general law it is invalid. Does the fact that the statute by its terms provides that it shall be in force and applicable to all contracts let on and after July 1, 1915, preclude the city from adopting the ordinance in question?

Plaintiff in error contends that the statute was in effect a declaration of public policy and made lawful a working-day of over eight hours on all contracts made prior to July 1, 1915. We cannot agree with this contention. The legislature has no power to declare a public policy in conflict with the constitution.

Section 37, Article II, of the Constitution, provides that "Except in cases of extraordinary emergencies, not to exceed eight hours shall constitute a day's work, and not to exceed forty-eight hours a week's work, for workmen engaged on any public work carried on or aided by the state, or any political sub-division thereof, whether done by contract, or otherwise."

This provision was not self-executing within the definition that a self-executing provision is one which supplies the rule or means by which the right given may be enforced or protected or by which a duty enjoined may be performed. But nevertheless, after the adoption of that provision in the constitution, the legislature was without power to affirmatively make lawful a working-day of more than eight hours.

Therefore the effect of the provision was the same as though the state had enacted no law as to such contracts until July 1, 1915, and the city was

free to make such a local police regulation touching the subject as it saw fit. If, after the statute became effective, the ordinance should conflict in anywise with it, the ordinance of course must yield.

It is also claimed that the enforcement of the ordinance deprives defendant of liberty and property without due process of law and denies to him the equal protection of the law. The contract itself contained the following provision: "The contractor agrees that he will comply with the provisions of the labor laws of the City of Cleveland and the State of Ohio, particularly as outlined in Section 196 of the City Charter." Section 196 of the city charter contains the same provisions as to eight-hour day on public work as are included in the statute and the ordinance above referred to. Therefore, if the things charged in the affidavit are true the defendant violated not only the ordinance but the constitutional provision referred to, the charter of the city and the express terms of his contract.

The parties when they made the contract must be held to have contemplated the express provision of the constitution, as well as the power of the state and the municipalities to enact reasonable police regulations in the interest of the public health and welfare. *Holden* v. *Hardy,* 169 U. S., 366, and *The Steele, Hopkins & Meredith Co.* v. *Miller,* 92 Ohio St., 115, 125.

Moreover in this case by the terms of the contract itself the parties thereto specifically bound themselves to observe the regulations covered by the

ordinance complained of.   Plaintiff in error does not present a situation which avoids the enforcement of the ordinance.

The judgments will be affirmed.

*Judgments affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANA-MAKER, NEWMAN, JONES and MATTHIAS, JJ., concur.