Jones, J.,
dissenting. I dissent from the judgment because the section of the constitution is so plain and unambiguous that it does not call for judicial construction. Section 3, Article XVIII of the Constitution, provides that municipalities shall have authority to adopt and enforce within their limits such local police regulations as are not in conflict with general laws. By unwarranted judicial construction the word “not” has been bodily taken from the provision, so that it now reads, in effect, “municipalities shall have authority to adopt and enforce within their limits some local police regulations as are not in conflict with general laws.”
By Section 7246, General Code, the state law permitted motor trucks weighing- twelve tons to be operated “over and upon the improved public streets, highways, bridges or culverts within the stateand by Section 7250, General Code, the state provided that the weight of loads should not be decreased or prohibited by any municipal ordinance or regulation. There is, therefore, a conflict be *402 tween the state law and the municipal ordinance, which limited the load to ten tons. The regulation of weights by the city was a police regulation, adopted by the municipality, in the exercise of its police power, and since its operation was confined within the municipal limits it became a local police regulation. I know no authority anywhere which holds otherwise. The city concedes it is a police regulation. In the closing paragraph of the majority opinion the same concession is made when municipalities are cautioned to be careful not to exercise arbitrary or unreasonable limits in the adoption of such regulation. The law is a general law having uniform operation over the entire state. As stated in the law itself, it prohibits the operation of such vehicles over the “improved public streets, highways, bridges or culverts within the state,” and, therefore, since this municipal police regulation is in conflict with a general law upon the same subject-matter, the ordinance must fall. Neither specious argument nor legal sophistry can change the plain and simple language of the constitutional provision under discussion. The judgment in this case is in direct conflict with the principle announced in The Cleveland Telephone Co. v. The City of Cleveland, 98 Ohio St., 358, Stange v. The City of Cleveland, 94 Ohio St., 377, and Greenburg v. The City of Cleveland, 98 Ohio St., 282. Other Ohio cases might be cited where the principle has been sustained by various judges in their opinions.
This judgment overrules the principle upheld in the Cleveland Telephone Company case, supra. *403 The streets of the city were submitted to the burden of location of poles and conduits therein with consequential damage thereto. Similar burdens are imposed and like damages would accrue from the propulsion of heavy trucks over these streets. Both telephone and truck traffic operate within and without the city limits. The telephone rates regulated in the Cleveland case were purely local and affected the lives and safety of no one, either within or without the city. In Stange v. Cleveland, supra, this court held that an ordinance of a chartered city, fixing hours of labor, was “a local police regulation applying only to the municipality in which it was passed, but if this local regulation conflicts with the general law it is invalid.” There the police power was exercised to conserve the health and strength of the people. In the instant case, it is exercised by the state to conserve all the highways of the state, — country and town, — with equal right of commerce given to all its citizens using such thoroughfares.
The majority opinion deals with “implications” arising from the constitutional clause. There is no necessity of dealing in implications, no need for construction. The mandate of the constitution is clear and comprehensive. Section 3, Article XVIII, in its entirety, reads as follows:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
*404 The effect of the decision in this case is. to make that section come to a close after the word “self-government.” It ignores entirely the latter clause of the section. The latter clause is plainly a limitation upon the power of local self-government, in that it grants municipalities authority to adopt only such local police regulations as are not in conflict with general laws. If these powers of local self-government included police, sanitary and similar regulations, there would be no need of attaching the latter portion of the clause to this section of the constitution. Here is found the only warrant for municipal authority to deal with local police regulation, and it is not only plainly apparent, but specifically stated, that these municipalities have authority only to adopt and enforce such local police regulations as are not in conflict with general laws. This, covers all police regulations, without any such differentiation as is attempted here. It is intimated that the only police regulations intended to be withdrawn from municipal authority are those of statewide concern, those “which apply uniformly throughout the state” or which “involve the concern of the state, for the peace, health, morals and safety of all its people.” If such were intended, they would ipso facto be withdrawn from charter control because of their state-wide character. But the constitutional prohibition extends, to local police regulations which may conflict with general law. And, since regulation of both speed and weight of trucks is concededly a police regulation, it is difficult to see how, in case of conflict with state law, the city could not regulate speed but could regulate *405 weight. I fear that the judgment in this case leaves the law of the state in confusion worse confounded. It may be that the bench and bar of the state will be able to reconcile this case with the uniform decisions of this court upon this subject, but I confess I am unable to do so.
It has been often held by this court that the police powers of the state reside primarily in the state as sovereign, but so long as. the state does not act these charter cities may exercise local police powers ; or, if the state does act, they are permitted to adopt and enforce police regulations that are not in conflict with the general laws of the state. Certainly we have nothing to do with the legislative policy. No doubt there is a crying need for the exercise of police regulations affecting heavy loads propelled over the city streets. ' So also there is the same need for regulation of the highways of the state, but in this instance the state has exercised its power over the subject-matter. It has done so in a way that prohibits the various municipalities through which the highways' run from making varying regulations affecting the size of loads passing through the municipal limits.