47 P.(2d) 417

**DIETZ v. HUGHES.**

No. 4040.

Supreme Court of New Mexico.

July 1, 1935.

J. S. Vaught, of Albuquerque, for appellant.

Hugh B. Woodward and M. C. Mechem, both of Albuquerque, for appellee.

BICKLEY, Justice.

Field sued defendant Hughes to recover a sum of money. Defendant counterclaimed, and, after a trial on the merits, recovered judgment against appellant as a substituted party plaintiff.

After the announcement of the court's decision to award judgment for defendant, and before the entry of the judgment, about two months later, defendant assigned his interest therein. Appellant, after entry of the judgment, moved to set it aside on the ground that at the time of the signing and entry of said judgment the de-

fendant, because of said assignments, had no interest in said judgment. No ruling was invoked or made on this motion, and it is deemed to have been denied under the provisions of section 105-801, Comp. St. 1929. Almost a year later, appellant filed a motion to set aside the judgment on the ground of irregularities said to have consisted of the signing and entry of said judgment in defendant's favor after he had lost all right, title, or interest therein by reason of said assignments. This motion was denied, and upon this appeal appellant presents the proposition that, when there has been an assignment by a successful litigant after trial and announcement of decision, before entry of the final judgment of all his interest in the award, rendition and entry of judgment in the name of the litigant of record is irregular; that the regular course would require the substitution of the assignees as parties and the rendition of judgment in their favor.

Appellant invokes section 105-103, Comp. St. 1929, which provides: "Every action shall be presented in the name of the real party in interest. * * *"

Appellant cites Board of Com'rs of Bernalillo County v. Hubbell, 28 N. M. 634, 216 P. 496, in support of the proposition that every action must not only be presented in the name of the real party in interest but maintained by said real party in interest. In that case it was contended that the board of county commissioners was not a proper party plaintiff because it was not at any time the real party in interest. It is true that in sustaining this contention the court said that the suit must be maintained in the name of the real party in interest, but we think that the word "maintained" was there used in the sense of presented, because no such question as is here involved was considered or decided in that case.

Appellee contends that a motion seeking to set aside a final judgment for irregularity is addressed to the discretion of the trial court, and that upon the record before us the court did not abuse its discretion in denying the motion; that an irregularity which would justify the setting aside of the final judgment after trial must be an irregularity appearing on the face of the record, and that the assignment by the defendant of his interest in the award did not so appear; that the same proposition was presented in plaintiff's second motion which had been presented in his first motion, which had been denied by operation of law, and no appeal taken, and hence the second motion had no standing in court; that error in the denial of the second motion, if error it was, did not operate prejudicially upon appellant, and, finally, that the statute invoked by appellant has no application to a situation such as is here involved.

Passing by most of these contentions of appellee which we might find sufficient to defeat appellant's claim of error, we go to the merits of the proposition presented by appellant.

■ Ordinarily, the assignment of a judgment carries with it the cause of action upon which it is based. It does not follow, however, that every transfer of interest pendente lite abates the action or renders necessary a substitution of parties. See King v. Miller, 53 Or. 53, 97 P. 542; Dundee Mortgage & Trust Inv. Co. v. Hughes (C. C.) 89 F. 182, 185; Cullen & Vaughn Co. v. Bender Co., 122 Ohio St. 82, 170 N. E. 633, 68 A. L. R. 1332.

■ Section 105-103, Comp. St. 1929, upon which appellant relies, is found in the enactment of Laws 1897, c. 73, § 2, which was a civil practice act. However, we find that almost this identical language was in the Practice Act of 1880 (chapter 6, § 1, Laws 1880), such slight change as occurred involving merely the substitution of the words "shall" for "must" and "presented" for "prosecuted." No specific repeal of section 1, c. 6, Laws 1880, ever took place. Its re-enactment in 1897 in substantially the same language in which originally phrased constituted the later provision merely a continuation of the former. State v. Thompson, 37 N. M. 229, 20 P. (2d) 1030. Section 9, c. 6, Laws 1880, provided: "No action shall abate by the transfer of any interest therein during its pendency." (See Comp. St. 1929, § 105-1219).

So this section and Laws 1897, c. 73, § 2 (Comp. St. 1929, § 105-103), are in pari materia and should be construed together. So construing somewhat analogous provisions of the Oregon Code, Circuit Judge Gilbert in Dundee Mortgage & Trust Inv. Co. v. Hughes, supra, said: "In construing these sections of the Code, it has been held in this court that the word 'prosecuted,' as used in section 27, means 'commenced,' and that when an action has been commenced by the real party in interest his subsequent transfer of such interest 'shall not abate the action, or prevent his prosecuting it to final judgment, or its being so prosecuted in his name for the benefit of whom it may concern.' Elliot v. Teal, 5 Sawy. 188, Fed. Cas. No. 4,389. See, also, French v. Edwards, 4 Sawy. [125] 128, Fed. Cas. No. 5,097; Moss v. Shear, 30 Cal. [467] 475; Camarillo v. Fenlon, 49 Cal. [202] 203. There can be no doubt that the construction adopted by the court in Elliot v. Teal is the true one. Due force and effect must be given to both sections of the Code. They must be construed together. So interpreted, their meaning is that all actions must be prosecuted in the name of the real party in interest, except in cases where, pendente lite, he transfers his interest to another. In such a case the transfer does not op-

crate to abate the action, and no order of substitution of parties is required. It is only in case of the death, marriage, or other disability of a party to a pending action that the court is permitted or required to make an order of substitution."

In Sayre v. Detroit, G. H. & M. Ry. Co., 205 Mich. 294, 171 N. W. 502, 503, the court decided: "Assignment of plaintiff's title or interest in pending suit at law does not abate it, but suit may proceed as instituted so long as assignee acquiesces in proceeding, despite Comp. Laws 1915, § 12353, providing that actions shall be prosecuted in name of real party in interest."

In the opinion the court said: "Conceding that this assignment covered this cause of action, the suit would not abate by reason of the assignment, and the case should have proceeded in the same manner as though no assignment had been made.

"The transfer of a plaintiff's title or interest in a pending suit at law does not abate it, but the suit may proceed as instituted. Peters v. Gallagher, 37 Mich. 407; Moon v. Harder, 38 Mich. 566; Toledo & A. A. R. Co. v. Johnson, 55 Mich. 456, 21 N. W. 888.

"So long as the assignee acquiesces in the proceeding, and permits the suit to go on in the name of the assignor, the defendant cannot complain as he is in no way injuriously affected thereby. Any judgment that may be recovered in such action will protect him, and be a bar to any future proceedings which the assignee might undertake to commence, for the same cause of action. Peters v. Gallagher, supra."

We think these judicial expressions reflect a proper construction of our statute cited supra, and we so hold.

Finding no error in the ruling of the trial court, the decision appealed from is affirmed, and the cause remanded, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.