EMANUEL, APPELLANT, *v.* TOWNSHIP OF TWINSBURG ET AL., APPELLEES.

(No. 4828—Decided December 24, 1952.)

Messrs. *Young & Brigleb* and Messrs. *Motz, Morris, Wilson & Quine,* for appellant.

Mr. *Jerome W. Moss* and Messrs. *Buckingham, Doolittle & Burroughs,* for appellees.

HUNSICKER, P. J.   The Township of Twinsburg, through its trustees, filed appropriation proceedings in the Common Pleas Court of Summit County, seeking to take, by such proceedings, certain land owned by Margaret D. Emanuel, the appellant herein.   The purpose for which the land is being appropriated is stated to be to provide recreational facilities for the citizens of Twinsburg Township, and also as a memorial field.

The appellant, Margaret D. Emanuel, filed a petition to enjoin the township from prosecuting the appropriation proceedings.

A demurrer to the petition was filed by the township, and, after the sustaining of such demurrer, an amended petition was filed, to which a demurrer was also filed, on the ground that the amended petition did not state a cause of action.   After the trial court sustained the demurrer to the amended petition, the plaintiff not desiring to plead further, the cause was dismissed.   It is from the judgment sustaining the demurrer to the amended petition and dismissing the cause of action that an appeal on questions of law is before this court.

It is the claim of Margaret D. Emanuel that: (1) the township has no authority to appropriate property for the purpose stated; (2) there was no election by the electors of Twinsburg Township authorizing an appropriation of property for the purpose of erecting a memorial for soldiers and sailors; (3) the township has no funds available to pay for the Margaret D. Emanuel property.

The only question before this court is: Does the amended petition state a cause of action?

Section 3295, a part of Chapter 2 of Division II of Title XI of Part First of the General Code (concerning the powers and duties of township trustees), says:

"The trustees of any township in addition to other

powers conferred by law shall have power to purchase, appropriate, construct, enlarge, improve, rebuild, repair, furnish and equip a township hall, a township park, bridges and viaducts over streets, streams, railroads or other places where an overhead roadway or footway is necessary, and sites for any of the same.''

Section 3244, General Code, says in part:

''Each civil township lawfully laid off and designated, is declared to be, and is hereby constituted, a body politic and corporate, for the purpose of enjoying and exercising the rights and privileges conferred upon it by law. It shall be capable of suing and being sued, pleading and being impleaded, and of receiving and holding real estate by devise or deed, or personal property for the benefit of the township for any useful purpose.''

We do not find the word ''park'' defined in the statutes, but the common meaning given to this word is a parcel of land set apart and maintained for public use as a place that is a pleasure to see, and which affords an opportunity for recreation in the open air.

We do not believe that it is necessary to specifically use the word ''park'' where terms sufficient to embrace the common meaning of the word are used in the appropriation proceedings.

The courts are not concerned with the reasons why Twinsburg Township desired to establish a park at this place or at this time.

''4. The necessity for and extent of property to be taken by eminent domain are questions for legislative determination, and, in the absence of fraud, bad faith or abuse of discretion, such determination will not be disturbed by the courts.'' *Shepard Paint Co.* v. *Board of Trustees of Franklin County Veterans Memorial*, 88 Ohio App., 319, 100 N. E. (2d), 248.

It is to be noted that the statute (Section 3295, General Code) does not call for the holding of an elec-

tion, and does not require that a certificate of the fiscal agent be filed, stating that the funds are on hand to pay the amount found to be due the owner of the property.

Questions regarding the power of eminent domain have been before the courts many times. It is defined as "the power of a soverign state to take, or to authorize the taking, of private property for the public use without the owner's consent." 15 Ohio Jurisprudence, Eminent Domain, Section 2, and cases there cited.

An examination of the authorities in this state and other jurisdictions in the United States discloses that the right of eminent domain, in so far as the state and federal governments are concerned, is limited, not conferred by, the constitution. The power of eminent domain does not exist in any subordinate political division, such as a township, unless granted by the sovereign power. *Giesy* v. *Cincinnati, Wilmington & Zanesville Rd. Co.*, 4 Ohio St., 308; *Sinnickson* v. *Johnson*, 17 N. J. Law, 129, at p. 145, 34 Am. Dec., 184; *Great Western Natural Gas & Oil Co.* v. *Hawkins*, 30 Ind. App., 557, at p. 565, 66 N. E., 765; *Lazarus* v. *Morris*, 212 Pa. St., 128, at p. 130, 61 A., 815; *Stearns* v. *City of Barre*, 73 Vt., 281, 50 A., 1086, 58 L. R. A., 240, 87 Am. St. Rep., 721.

In this state, however, the state of Ohio, as a sovereign power, through its Legislature, has granted to townships the naked power of eminent domain as indicated *supra* (Section 3295, General Code).

No claim is made that injunction is not the proper remedy herein, and we think it is well established that a separate suit for injunction will lie to prevent the taking of private property, where it is claimed that the appropriating authority is acting unlawfully *P., C., C. & St. L. Ry. Co.* v. *City of Greenville*, 69 Ohio St., 487, 69 N. E., 976; *Cleveland & Pittsburgh Rd. Co.*

v. *City of Martins Ferry,* 92 Ohio St., 157, 110 N. E., 642; *State, ex rel. MacDiarmid,* v. *Eastman, Judge,* 118 Ohio St., 121, at p. 128, 160 N. E., 626.

It is contended in this appeal that, since no mode of procedure is outlined in Section 3295, General Code, it is a naked grant of power which cannot be exercised in the manner adopted by the township. To this problem, we direct our attention.

It is well settled in this state that the constitutional protection of the rights of private property requires that the power of eminent domain granted by the Legislature must be followed with reasonable strictness, and that all the prescribed conditions in such grant of power must be performed. *Anderson* v. *Commrs. of Hamilton County,* 12 Ohio St., 635, at p. 642; *Pontiac Improvement Co.* v. *Bd. of Commrs. of Cleveland Metropolitan Park Dist.,* 104 Ohio St., 447, 135 N. E., 635, 23 A. L. R., 866; *Emery* v. *City of Toledo,* 121 Ohio St., 257, at p. 263, 167 N. E., 889; *Kohl et al., Exrs.,* v. *United States,* 91 U. S., 367, 23 L. Ed., 449.

The statute under which these proceedings were brought does not indicate how the action shall be instituted and conducted to accomplish the purpose sought.

We have been referred to the case of *Kohl et al., Exrs.,* v. *United States, supra,* as authority for the proposition that, even though no procedure is outlined in the statute granting the power to appropriate, nevertheless it is possible to allow such proceedings to be instituted under the statutes giving general judicial power to the trial courts. It should be noted, however, that in that case it was the sovereign which was exercising the power, while in the instant case the power is delegated to a political subdivision.

It should be stated here that there are no general appropriation or condemnation statutes in Ohio. Section 11091, General Code, a part of the appropriation of property provisions of the Probate Code, says that

such procedure shall not apply when a township desires to appropriate private property.

"The right of eminent domain is an attribute of sovereignty, and only the sovereign power, or one to whom it has delegated the right, can take property without the consent of the owner, and when this right has been granted to a subdivision of the state, a person or a corporation the terms of the grant must be strictly pursued. When the matter is in doubt it must be resolved in favor of the property owner. These principles are firmly established." *Pontiac Improvement Co.* v. *Bd. of Commrs. of Cleveland Metropolitan Park Dist., supra,* at p. 454.

"* * * for it is not unreasonable that the property owner should have the right to insist that the State, which selects the occasion, and prescribes the conditions for the appropriation of his property, should confine its action strictly within the limits which it has marked out as sufficient. So high a prerogative as that of divesting one's estate against his will should only be exercised where the plain letter of the law permits it, and under a careful observance of the formalities prescribed for the owner's protection." 2 Cooley's Constitutional Limitations (Eighth Ed.), p. 1124.

There is in the instant case a naked authority to appropriate land. There is no procedure designated by this statute (Section 3295, General Code) by which the landowner's rights are to be protected, and hence the general requirement of the law that the proceedings to appropriate shall be strictly pursued are of no effect, since no procedure for the taking of property is set out in such statute.

The general law is clear that, where the power is conferred on a political subdivision, the proceedings must be followed as the Legislature or conferring power requires. *Harbeck* v. *City of Toledo,* 11 Ohio St.,

219; *Roosevelt Hotel Bldg. Co.* v. *City of Cleveland,* 25 Ohio App., 53, 155 N. E., 233; 29 Corpus Juris Secundum, Eminent Domain, Section 216, and authorities there cited.

The authority to appropriate, granted by the statute, cannot be said to be self-executing, for it does not supply a mode of procedure by means of which the right given may be enjoyed or the duty imposed may be enforced. It cannot be said to be self-executing when it merely states the right without laying down rules by means of which proper machinery for its exercise can be set in motion.

A self-executing provision has been defined as ''one which supplies the rule or means by which the right given may be enforced or protected or by which a duty enjoined may be performed.'' *Stange* v. *City of Cleveland,* 94 Ohio St., 377, at p. 380, 114 N. E., 261. See, also, *Taylor* v. *City of Cleveland,* 87 Ohio App., 132, 93 N. E. (2d), 594.

The cases wherein self-executing matters are discussed are usually confined to constitutional or city charter provisions, but we see no reason why the rule in such cases should not apply to naked grants of power by legislative enactment which are inoperative because of a lack of procedural requirements.

Although we find no cases in Ohio covering the specific problem involved in the instant case, some cases in other jurisdictions are helpful in solving the question. In the case of *Lone Star Gas Co.* v. *City of Fort Worth,* 128 Texas, 392, at p. 399, 109 A. L. R., 374, at p. 379, 98 S. W. (2d), 799, at p. 802, the court said:

''There are a multitude of cases holding that proceedings under a statute giving the right of eminent domain, but providing no compensation for the property taken, are void and may be enjoined. *Exactly the same situation is present, so we think, when no adequate and appropriate procedure is established pro-*

*viding the mode and manner of ascertaining the amount of compensation* \* \* \*." (Emphasis ours.)

And in *Watauga Water Co.* v. *Scott,* 111 Tenn., 321, at p. 326, 76 S. W., 888, at p. 889, the court said:

"It is a fundamental principle of the law of eminent domain, and the taking of property for public use, that it can only be done by making just compensation to the person whose property is taken, for its reasonable value; *and any legislation which confers the right of eminent domain can only be valid upon condition that such compensation is provided for, and the mode and manner of ascertaining and enforcing the same is fixed and established.*" (Emphasis ours.)

The right to appropriate in the instant case under Section 3295, General Code, is a naked right, and is incapable of enforcement until the nature of the proceedings to enforce such right is granted by further legislative enactment.

For the reasons stated herein, we believe that a good cause of action is stated in the petition, and the demurrer should have been overruled.

Judgment reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

DOYLE and STEVENS, JJ., concur.