329 P.2d 626

Frank JARAMILLO, Ignacio Aragon Vicente Tenorio, Miguel Mora and Crecencio Moya, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

CITY OF ALBUQUERQUE, a municipal corporation, Defendant-Appellee.

No. 6414.

Supreme Court of New Mexico.

Sept. 5, 1958.

Avelino V. Gutierrez, Rolando J. Matteucci, Albuquerque, for appellants.

Frank Horan, Malcolm W. deVesty and Paul F. Henderson, Jr., Albuquerque, for appellee.

COMPTON, Justice.

This is a class action by appellants, plaintiffs below, employees of the Sanitation Department of the City of Albuquerque, for a declaratory judgment that eight hours constitutes a day's work in such employment. As a condition of their employment, they are required to work ten consecutive hours per day, four days a week.

Since we have no statute on the subject, we must turn to our Constitution, Article 20, Section 19. The section reads:

"Eight hours shall constitute a day's work in all cases of employment by and on behalf of the state or any county or municipality thereof."

The decisive question is whether the provision is self-executing; appellants claim that it is, appellee contends legislation is essential to its effectiveness.

We find no New Mexico cases construing the provision; however, similar provisions from other jurisdictions and the construction given them, afford us a wealth of authority for the conclusion we reach.

The Arizona Constitution, Article 18, Section 1, reads:

"Eight hours and no more, shall constitute a lawful day's work in all employment by, or on behalf of, the State or any political subdivision of the State. The Legislature shall enact such laws as may be necessary to put this provision into effect, and shall prescribe proper penalties for any violations of said laws." (Adopted 1911.)

It was partially activated by statute in 1928, and in construing the provision, the Arizona Court held that it was not self-executing. City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147.

The Idaho Constitution, Article 13, Section 2 reads:

"Not more than eight hours actual work shall constitute a lawful day's work, on all state and municipal works, and the legislature shall pass laws to provide for the health and safety of employees in factories, smelters, mines and ore reduction works." (Adopted 1889.)

The statute giving it effect was enacted some 10 years later.

The Ohio Constitution, Article 2, Section 37, reads:

"Except in cases of extraordinary emergency, not to exceed eight hours shall constitute a day's work, and not to exceed forty-eight hours a week's work, for workmen engaged on any public work carried on or aided by the

state, or any political sub-division thereof, whether done by contract, or otherwise." (Adopted 1912)

A statute was enacted in 1915 putting this provision into effect. The Ohio Court in construing the provision, stated: "This provision was not self-executing within the definition that a self-executing provision is one which supplies the rule or means by which the right given may be enforced or protected or by which a duty enjoined may be performed." Stange v. City of Cleveland, 94 Ohio St. 377, 114 N.E. 261, 262; Emanuel v. Twinsburg Tp., 94 Ohio App. 63, 114 N.E.2d 620.

The Utah Constitution, Article 16, Section 6, reads:

"Eight hours shall constitute a day's work on all works or undertakings carried on or aided by the State, County or Municipal governments; and the Legislature shall pass laws to provide for the health and safety of employees in factories, smelters and mines." (Adopted 1895.)

The statute giving it effect was enacted in 1898.

The Wyoming Constitution, Article 19, Section 2, reads:

"Eight (8) hours actual work shall constitute a lawful day's work in all mines, and on all state and municipal works." (Adopted 1889.)

The statute giving effect to its provision was enacted in 1913. Its validity was challenged in State v. A. H. Read Co., 33 Wyo. 387, 240 P. 208, as embracing matters sharply differing from the terms of the constitutional provision. Nowhere do we find an expression by the Wyoming Court to the effect that its constitutional provision was self-executing.

The Montana Constitution, Article 18, Section 4, as amended, reads:

"A period of eight hours shall constitute a day's work in all industries, occupations, undertakings and employments except farming and stock raising; provided, however, that the legislative assembly may by law reduce the number of hours constituting a day's work whenever in its opinion a reduction will better promote the general welfare, but it shall have no authority to increase the number of hours constituting a day's work beyond that herein provided." (Adopted 1889, amended 1936.)

A statute was enacted in 1905 putting it into effect. The provision was discussed in State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81, 84, wherein the court stated: "The section did not attempt to set up methods of enforcement, or provide penalties for violation thereof. We are not here called upon to decide whether the provi-

sion is self-executing." The Montana Court makes an interesting observation.

The Oklahoma Constitution, Article 23, Section 1, reads:

"Eight hours shall constitute a day's work in all cases of employment by and on behalf of the State or any county or any municipality." (Adopted 1907.)

It is to be noticed that the constitution of Oklahoma and New Mexico are identical, except the word "thereof" appearing in ours. In 1907 Oklahoma enacted Chapter 53, Article 4, the title to which reads:

"An Act to put into effect section 1 of article 23 of the constitution, providing what shall constitute a day's work in all cases of employment by and on behalf of the state or any county or municipality * * *".

In Byars v. State, 2 Okl.Cr. 481, 102 P. 804, the statute was employed in charging the offense. The enactment of the various statutes causes one to pose the question, if the provisions are sufficient to enforce themselves, why the need of enabling acts? The answer is clear; the provisions do not set up rules or means by which the rights granted may be enforced. Cooley (Constitutional Limitations) § 121.

█ It is reasonable to assume the framers of our Constitution had before them similar constitutional provisions from the several states, as well as the interpretation given them. Higer v. Hansen, 67 Idaho 45, 170 P.2d 411; State v. Peters, 112 Ohio St. 249, 147 N.E. 81. And we think it is obvious that they literally transplanted Section 1 of Article 23 of the Oklahoma Constitution as a part of the Constitution of New Mexico with full knowledge that enabling legislation was necessary to its effectiveness; such legislation is authorized. Article 22, Section 21, New Mexico Constitution.

█ So we conclude that Article 20, Section 19 of our Constitution is not self-executing but is a declaration of principle or policy as to the number of hours employees of the class named should work to be entitled to a day's wages. We cannot believe the Constitutional Convention would frame a constitution limiting and restricting work to eight hours in any calendar day without in some manner providing for extraordinary emergencies such as may be caused by fire, flood, danger to life and property, military or naval works or defenses, in time of national distress. It would be presumptuous to assume all these possible exigencies were overlooked.

We are favored with able opinions of former Attorneys General of New Mexico; 1912–13, page 124; 1931–32, pages 73 and 127, construing the provision. While not in complete accord with the rationale of those opinions, yet we think they express a correct result; that the provision requires legislation to give it effect.

The judgment will be affirmed, and it· is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and SHILLINGLAW, Jr., JJ., concur.