355 P.2d 497

STATE of New Mexico ex rel. M. E. NOBLE,
Petitioner,

v.

Betty FIORINA, Secretary of State of the
State of New Mexico, Respondent.

No. 6831.

Supreme Court of New Mexico.

Sept. 24, 1960.

Standley & Kegel, Santa Fe, for petitioner.

Robert E. Fox, Melvin Yost, Santa Fe, amici curiae.

Hilton A. Dickson, Jr., Atty. Gen., Boston E. Witt, F. Harlin Flint, Assts. Atty. Gen., for respondent.

CARMODY, Justice.

This is an original proceeding in mandamus, instituted to require the respondent to place the name of the petitioner on the ballot to be voted on at the general election in November of 1960.

Briefly, the facts giving rise to the controversy are that the New Mexico primary election, at which time the major political parties nominated their candidates to run in the general election was held in May of 1960. In that primary, there were two positions voted on for nomination for the supreme court, one being for a full term and the other being for an unexpired term. Thereafter and effective August 1, 1960, The Honorable James B. McGhee, the then Chief Justice of the Supreme Court of New Mexico, retired. Petitioner was appointed to fill the vacancy caused by such retirement, and subsequently was certified by the executive committee of the Democratic State Central Committee as the candidate of the Democratic party for the position of justice of the supreme court, for the other unexpired term ending December 31, 1962. Respondent refused to recognize the certification, because there was no such office voted on in the primary election. The respondent, upon advice of the attorney general, says that there is no valid means by which she can place petitioner's name

upon the general election ballot, i. e., that statutory authority to do so is lacking.

We are thus called upon to construe the meaning of art. XX, § 4, of the Constitution of New Mexico, and to consider what, if any, of our statutes implement the constitutional provision. The section of the constitution reads as follows:

"If a vacancy occur in the office of district attorney, judge of the Supreme or district court, or county commissioner, the governor shall fill such vacancy by appointment, and such appointee shall hold such office until the next general election. His successor shall be chosen at such election and shall hold his office until the expiration of the original term."

It is contended by petitioner that the above constitutional provision is self-enacting. However, this is very seriously controverted by both the attorney general, on behalf of the respondent, and the two amici curiae wo have filed very helpful briefs in this cause. Without belaboring the question to any extent, it appears to us that the first sentence of the constitutional provision is self-enacting and has been complied with by the governor. It is the second sentence, however, that causes the difficulty, because it quite obviously needs legislation to provide the manner of nomi-

nation and conduct of the election. This sentence must be considered as not self-executing inasmuch as it merely indicates a principle without laying down rules having the force of law. See Cooley's Constitutional Limitations, 8th ed., at 167. Compare State ex rel. Delgado v. Romero, 1912, 17 N.M. 81, 124 P. 649; Lanigan v. Town of Gallup, 1913, 17 N.M. 627, 131 P. 997; Dunham v. Stitzberg, 1949, 53 N.M. 81, 201 P.2d 1000, and Jaramillo v. City of Albuquerque, 1958, 64 N.M. 427, 329 P.2d 626.

It is admitted by all that the "next general election" is the election to be held on November 8, 1960, but the attorney general, on behalf of respondent, urges that there is an absence of legislation permitting the placing on the ballot at the general election the name of any candidate for an office which was not voted on in the primary. He maintains, therefore, that the phrase, "next general election," means the next general election at which a candidate can be properly nominated for the office. Thus, in effect, the argument runs that there being no legal way to provide for the office on the ballot, that therefore petitioner was appointed and can serve until the general election in 1962.

Admittedly, there is authority for this position, Eagen v. Smith, 1951, 366 Pa. 501, 78 A.2d 801, and State ex rel. Oleson v. Minor, 1920, 105 Neb. 228, 180 N.W. 84, but, to us, to accept such a construction would do serious violence to our constitution, which is the fundamental law of the state.

Although we have examined a great many cases from other jurisdictions, they are actually of little aid in solving the problem, because so much depends upon the policy indicated by our own constitution and the interpretation of the statutes in conformity therewith. See annotations, and cases cited therein, in 132 A.L.R. 574 and 143 A.L.R. 996. However, we take note of two cases which are quite close on the facts, even though the constitutional provisions and statutes vary to some extent.

State ex rel. Hayden v. Thomas, 1944, 353 Mo. 332, 182 S.W.2d 584, 586, was a case concerning the office of a justice of the peace, who had been elected for a four-year term in 1942 but who died a few days after the primary held preceding the 1944 election. In that case, the Supreme Court of Missouri made the following pertinent statement:

"Our laws recognize political parties as useful adjuncts to our system of government. Accordingly, while preserving the right of candidates to run for office independently, we have en-

acted laws regulating nominations by political parties. It is the policy of those laws to require party nominations to be made by the electors of the party where possible, but we do not think the law prevents a political party from making nominations by its duly constituted committee when it has had no opportunity to make them by its electors at the regular primary."

And thereafter the court ordered that the names of the nominees of the Democratic and Republican parties, as selected by the central committees, should be printed on the ballot.

In Brown v. Georgetta, 1954, 70 Nev. 500, 275 P.2d 376, 379, the Supreme Court of Nevada, in addition to holding that the "next general election" meant the "next ensuing biennial election," also held that, where a United States senator died prior to the expiration of his term, but during the period after a primary and before a general election, it was proper for the state central committees to name candidates to run in the following general election.

We are cognizant of the two cases decided by this court which perhaps contain some general language on the subject. See State ex rel. Van Schoyck v. Board of County Com'rs of Lincoln County, 1942, 46 N.M. 472, 131 P.2d 278, and Granito v. Grace, 1952, 56 N.M. 652, 248 P.2d 210.

However, these were cases involving offices in which there was a vacancy existing, both before and after the primary. Thus, we held that the right of an executive committee to fill such a vacancy did not exist. It is clear that the instant case does not fall within the purview of either of these cases. In those, it was clear that the political parties had the opportunity to choose nominees in the primary, and failed to do so. In this case, there was never any such opportunity.

This is a case of first impression in New Mexico, and to determine it, it is necessary to consider certain statutes which have been enacted relating to elections. Our attention is first directed to § 3-11-54, N.M.S.A., 1953 Comp., Supp.1959, which reads, in part, as follows:

"*If for any cause* a vacancy shall occur in the list of candidates of a political party entitled to be placed on the official general election ballot, after the primary, such vacancy may be filled by the political party committee of the state or county, or by the political party committees of counties comprising any district, as the case may be, by filing the name of its candidate for such office with the officer with whom declarations of candidacy are filed." (Emphasis ours.)

When this section is read in conjunction with art. XX, § 4, it seems relatively plain to us that it refers to such a vacancy as with which we are now concerned, and, further, that the first sentence of the constitution, being mandatory and self-enacting, that a vacancy such as has occurred here becomes one that is "entitled to be placed on the official general election ballot."

Certainly, the cause of the vacancy occurred after the primary, and any political party to which the act applies should be entitled under this statute to fill the vacancy. We realize that counsel for the respondent contend that this particular statute was not passed with the present situation in mind, but, be that as it may, it does not require a straining of the language to apply it to this immediate problem. The only difficulty with such a construction is that § 3–11–54 is a part of ch. 218 of the Session Laws of 1955, and this chapter also contains § 3–11–39, N.M.S.A., 1953 Comp., Supp.1959, which provides, in substance, that it only applies to the major political parties. Thus, although we are satisfied that § 3–11–54, supra, answers the problem with respect to the petitioner, we are immediately faced with the dilemma that the constitutional provision cannot be made effective only as to major political parties—it must apply to all parties, if it

is to be truly effective under our theory of government.

In view of this situation, the query is made as to whether there is any enabling legislation for the constitutional provision in issue as to political parties who may not be subject to the primary. Our answer is that § 3–12–2, N.M.S.A., 1953 Comp., Supp. 1959, together with § 3–3–2, N.M.S.A., 1953 Comp., Supp.1959, fill this need, just as § 3–11–54, supra, takes care of the other. Without setting out the statutes verbatim, § 3–3–2, supra, provides for the means of nomination of candidates at political conventions and their subsequent certification to the secretary of state of political parties who did not receive at least 15% of the total votes cast for governor in the preceding general election; then, § 3–12–2, supra, specifically provides that such a political party shall adopt and file rules and regulations providing, among other things, "the means and manner of *filling vacancies* * * on the party ballot."* by such construction, the true intent and meaning of our constitutional provision are given full effect, and the rights of the people to choose their own officials at the earliest possible time are preserved. Any slight ambiguity which may be urged, although we disavow it, must be resolved in favor of accomplishing the clear purpose of the constitution, viz., to have the voters vote to fill the vacancy at the next general election.

We therefore determine that the legislature, by the statutes mentioned, has made provision to implement the constitutional provision here considered. We leave to future legislative sessions the determination of the question as to whether there may be a need for more particularized statutes to care for similar problems which may hereafter arise.

Before closing this opinion, we should like to express our appreciation for the very able briefing and presentation on oral argument of the two amici curiae, The Honorable Robert E. Fox and The Honorable Melvin T. Yost.

From what has been said, the writ of mandamus will be made permanent, and the respondent will be directed to place the name of the petitioner upon the general election ballot to be voted upon on November 8, 1960. In view of the shortness of time, any motion for rehearing will not be entertained unless filed within forty-eight hours of the announcement of this decision.

COMPTON, C. J., MOISE and CHAVEZ, JJ., and C. C. McCULLOH, D. J., concur.

NOBLE, J., not participating.