522 P.2d 83

STATE of New Mexico on the relation of Ira S. ROBINSON, Petitioner,

v.

Honorable Bruce KING, Governor of the State of New Mexico, Respondent.

No. 9960.

Supreme Court of New Mexico.

April 5, 1974.

Rehearing Denied May 24, 1974.

Sutin, Thayer & Browne, Irwin S. Moise, Norman S. Thayer, Albuquerque, for petitioner.

David L. Norvell, Atty. Gen., Oliver E. Payne, Deputy Atty. Gen., Willard W. Royer, Jr., Leila Andrews, Asst. Attys. Gen., Santa Fe, for respondent.

Joe C. Diaz, Vance Mauney, Bruce C. Redd, Charles A. Keeling, Jr., Albuquerque, amici curiae.

## OPINION

McMANUS, Chief Justice.

This is an original proceeding in mandamus wherein the relator (a registered elec-tor in Bernalillo County who desires to de-clare as a candidate for the county com-mission in the 1974 primary election to be held on June 4, 1974) seeks to have a writ issued to the Honorable Bruce King, Gov-ernor of New Mexico (respondent), speci-fying that the five county commissioners in Bernalillo County should be elected ac-cording to the terms prescribed in chapter 21, New Mexico Laws 1974.

The facts pertinent to this action are as follows. In November, 1973, art. X, N.M. Const., was amended by adoption of a new section (§ 7). The amendment provides: that the elected board of county commis-sioners shall consist of five members, that the commissioners are to be elected for staggered terms in the first general elec-tion following adoption of the amendment, and that the county shall be divided into five county commission districts.

On January 14, 1974, the Board of County Commissioners of Bernalillo Coun-ty adopted an ordinance in which both the boundaries of the county commissioner dis-tricts and the election terms were de-scribed. The 1974 session of the state leg-islature passed, and respondent on Febru-ary 20, 1974, approved ch. 21, Laws 1974. By the terms of this statutory provision, both the boundaries of the county commis-sion districts and the election terms dif-fered materially from those described in the county ordinance.

On March 4, 1974, respondent issued and filed a public proclamation calling for the primary election to be held on June 4, 1974. By its terms, the proclamation called for the election of county commissioners as provided by the new constitutional amend-ment, art. X, § 7, N.M.Const., supra, with-out specifying the districts or referring to any laws describing them. Because of this lack of specification, petitioner is unable to determine (1) the boundaries of the dis-trict of which he is a resident, and (2) the terms of office for which he desires to be-come a candidate.

Relator has raised three points. The first is that respondent has failed to set

forth by proclamation the offices of the five county commission districts of Bernalillo County.

Section 3–8–11, N.M.S.A. (1953), provides that the "governor shall issue a public proclamation calling a primary election to be held in each county and precinct of the state on the date prescribed by the Primary Election Law. * * *" Section 3–8–12, subd. B, N.M.S.A. (1953), then provides that the proclamation shall contain "[t]he offices for which each political party shall nominate candidates; * * *."

In responding to relator's first point, it is necessary to ascertain what is a proper definition of "office" for the purpose of § 3–8–12, subd. B, supra. In this regard, we must first determine what constitutes a "district" since the office of county commissioner is divided into five districts in Bernalillo County.

In Hammond v. Young, 67 Abs. 170, 175, 117 N.E.2d 227, 231 (1953), the court stated:

" 'District' derives its meaning and significance from the latin, meaning jurisdiction. The word *describes* a special geographical area over which specific authority, executive, legislative or judicial is exercised by properly constituted officers. * * *" (Emphasis supplied.)

We therefore hold that when the proclamation required under § 3–8–11, supra, lists the "office" of county commissioner, it must also specifically describe the boundaries of the districts which make up this office. In addition, the proclamation should also set forth the terms of office pertinent to the office of county commissioner. This means that the proclamation must specify the term which applies to each district.

As a result, we hereby direct the respondent to amend his proclamation to include the district boundaries and the term of office which applies to each district. Respondent contends that this court cannot direct respondent to amend his proclamation since § 3–8–15, N.M.S.A. (1915), provides that: "The governor *may* amend the proclamation between the time of its issuance and the time set for filing declarations of candidacy to include an office becoming vacant by removal, resignation or death, or *to provide for any corrections or omissions.*" (Emphasis added.)

Whether words of statutes are mandatory or discretionary is a matter of legislative intent to be determined by consideration of the purpose sought to be accomplished. Ross v. State Racing Commission, 64 N.M. 478, 330 P.2d 701 (1958). The general rule is that the words "shall" and "may" shall not be used interchangeably. Application of Sedillo, 66 N.M. 267, 347 P.2d 162 (1960). However, where a public officer is clothed with power in permissive form to perform an act in which the interests of the public are concerned, the permissive language will be construed as mandatory. Catron v. Marron, 19 N.M. 200, 142 P. 380 (1914).

In the case before us, respondent omitted certain descriptions which would have a profound effect on voter notice and knowledgeability. This notice is certainly something with which both the legislature and the public are greatly concerned. Therefore, at least for the purposes of this case, the permissive language of § 3–8–15, supra, will be construed as being mandatory. As a result, mandamus is a proper action since the respondent is bound to properly fulfill the dictates of §§ 3–8–11 and 3–8–12, subd. B, supra.

Having decided that respondent is under a clear duty to specify the districts so involved, we can now determine which law relator should use. Relator's second contention is that the power to district for county commissioner districts resides in the legislature and not in the county commissioners. We agree.

The amendment to art. X, N.M. Const., supra, made no provision for who should have the power and authority to divide the county into districts. It simply

states that "the county shall· be divided into five county commission districts. * * *" This language is certainly not self-executing since it merely indicates a principle without laying down rules having the force of law. See State v. Fiorina, 67 N.M..366, 355 P.2d 497 (1960). Furthermore, the legislature has never granted to the board of county commissioners the power to district under this constitutional amendment and, as stated in Dow v. Irwin, 21 N.M. 576, 580, 157 P. 490, 491 (1916): "* ,* * Counties, being but political *subdivisions of the state, created by the* Legislature for the purpose of aiding in the administration of the affairs of the state, * * * *have only such powers as are granted them by the Legislature.* * * *" (Emphasis added.) Also see State v. State Canvassing Board, 78 N.M. 682, 437 P.2d 143 (1968). Since the board of county commissioners had no power to district, and the constitutional amendment is not self-executing, the power to district must rest in the state legislature. Therefore, respondent has the duty to specify the district as so provided in ch. 21, Laws 1974.

Respondent contends that since ch. 21, supra, does not become effective before the filing date for primary candidates (i. e. April 2, 1974) these provisions cannot be used.

Relator's third point is that these provisions will be in full force and effect before the primary election and before the commencement of the terms of office for which the officers are to be elected and should therefore be applied in connection therewith. We agree with relator's contention.

The amendment to art. X, supra, provides that the five county commissioners shall be elected in the first general election immediately following its adoption. It is readily apparent that the candidates for county commissioners must be nominated in some manner and the obvious legislative intent is that they be nominated at the primary election in 1974.

The effective date of the legislative act with which we are concerned is on or about May 15, 1974. It, therefore, will be the law in full force and effect on June 4, 1974, before the date of the primary election, as well as before the commencement of the terms of office for which the county commissioners in question are to be elected. There is no legislative act in our primary election code that provides for the nomination of county commissioner candidates other than through the primary election, except for political parties not eligible to participate in the primary. Sections 3–8–7 or 3–8–8, N.M.S.A. (1953), only authorize the filling of vacancies on the party tickets for elective offices after the holding of the primary election. Therefore, candidates for such offices in the general election must be nominated at the primary election.

Concluding, we hold that Bernalillo County is to elect five commissioners at the November, 1974 election; that the incumbent county commission has no authority or power to district or fix the terms of office; that the state legislature does have the power to establish the districts and fix the terms of office; that ch. 21, Laws 1974, will become effective on or about May 15, 1974, and the nomination of candidates is controlled by the primary election law, notwithstanding that the filing date for the primary election is April 2, 1974; that the Governor has the legal duty to specify that the five county commissioners for Bernalillo County to be elected in November, 1974, shall be nominated at the 1974 primary election for the districts and terms as provided in ch. 21, supra.

The action of the Supreme Court making the alternative writ of mandamus permanent is hereby re-affirmed. It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.