# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-006

Filing Date: February 17, 2011

Docket No. 32,806

NEW ENERGY ECONOMY, INC.,

 Petitioner,

v.

HON. SUSANA MARTINEZ, Governor of the State
of New Mexico, F. DAVID MARTIN, Secretary of the
New Mexico Environment Department, and SANDRA
JARAMILLO, New Mexico State Records Administrator,

 Respondents.

<u>Consolidated with:</u>

Docket No. 32,811

AMIGOS BRAVOS, CABALLO CONCERNED
CITIZENS GROUP,

 Petitioners,

v.

HON. SUSANA MARTINEZ, Governor of the State
of New Mexico, F. DAVID MARTIN, Secretary of the
New Mexico Environment Department, and SANDRA
JARAMILLO, New Mexico State Records Administrator,

 Respondents.

ORIGINAL PROCEEDING

New Mexico Environmental Law Center
Douglas Meiklejohn
R. Bruce Frederick

1

Eric D. Jantz
Jonathan Mark Block
Santa Fe, NM

for Petitioners

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

Kennedy & Han, P.C.
Paul J. Kennedy
Albuquerque, NM

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Emil John Kiehne
William C. Scott
Albuquerque, NM

Peifer, Hanson & Mullins, P.A.
Matthew R. Hoyt
Tiffany Elaine Dowell
Albuquerque, NM

for Respondents

**OPINION**

**CHÁVEZ, Justice.**

{1}     Does the State Records Administrator have a clear, indisputable, and mandatory duty to publish regulations[1] filed with the State Records Center and Archives (Records Center) by the Environmental Improvement Board (EIB) and the Water Quality Control Commission (WQCC), despite a request by the Acting Secretary of the New Mexico Environment Department to delay publication for ninety days? We answer this question in the affirmative for four reasons. First, the powers and duties of the EIB, the WQCC, and the Records Center do not fall under either the Governor's or the Secretary's authority. Second, Executive Order 2011-001, relied upon by the Acting Secretary in his request to the Records Center, did not apply to the subject regulations because the Executive Order applies only to

---

[1]Although "regulations" are included in the definition of "rule" under Section 14-4-2(C) of the State Rules Act, throughout this opinion we refer to the action of the EIB and the WQCC as the adoption of "regulations" rather than "rules."

regulations under the Governor's authority. Third, rules promulgated by the State Records Administrator mandate that regulations filed with the Records Center must be published within a specified time frame after being properly submitted by the issuing authority. Fourth, the Records Center erred in not publishing the regulations that the issuing authorities, the EIB, and the WQCC submitted for publication. Accordingly, we issued a writ of mandamus ordering the State Records Administrator to publish the regulations.

**BACKGROUND**

**{2}**     On December 6, 2010, after a two-year rule-making process, the EIB adopted a regulation pursuant to the Environmental Improvement Act, NMSA 1978, §§ 74-1-1 to -15 (1971) (as amended through 2009), and the Air Quality Control Act, NMSA 1978, §§ 74-2-1 to -17 (1967) (as amended through 2009), to be codified as Regulation 20.2.100 NMAC. On December 13, 2010, EIB Chair Gay Dillingham transmitted Regulation 20.2.100 to the Records Center for filing and publication pursuant to Section 14-4-3 of the State Rules Act, NMSA 1978, §§ 14-4-1 to -11 (1967) (as amended through 1995). The regulation was filed with the Records Center at 10:40 a.m. on December 27, 2010. The Records Center scheduled the regulation for publication in the January 14, 2011 edition of the New Mexico Register.

**{3}**     On December 15, 2010, following a year-long rule-making process, the WQCC, pursuant to its authority under the Water Quality Act, NMSA 1978, §§ 74-6-1 to -17 (1967) (as amended through 2009), adopted a new set of regulations for discharges from dairy facilities, to be codified as Regulation 20.6.6 NMAC. On December 21, 2010, WQCC Chair Sarah Cottrell transmitted the regulations for filing to the Records Center; and the Records Center accepted the regulations for filing on December 23, 2010 at 10:07 a.m. These regulations were also scheduled to be published in the January 14, 2011 edition of the New Mexico Register.

**{4}**     On January 1, 2011, newly elected Governor Susana Martinez issued Executive Order 2011-001, which formed a small business-friendly task force and suspended all proposed and pending rules and regulations under the Governor's authority for a ninety-day review period. On January 4, 2011, John Martinez, the director of the Administrative Law Division (ALD) of the Records Center, sent an e-mail to the Governor's general counsel, Jessica Hernandez, drawing her attention to a number of rules and regulations that were filed and scheduled for publication in the January 14, 2011 edition of the New Mexico Register. Mr. Martinez stated:

> I have read Executive Order 2011-001 which establishes a 90-day freeze on rulemaking. I am writing you because there are 34 rules that were filed during the last administration but will not be published in the New Mexico Register until January 14, 2011. We plan on publishing these rules unless we receive written notification from the issuing authorities in the respective agencies that these rule filings should be pulled back. The major issue for

3

the ALD is that today is the rule filing deadline meaning that we will have to know by the end of today if any of these rule filings will not be published. Beginning tomorrow, the text will be type set and cannot be changed after that point.

I have attached a report of the 34 rule filings that are slated to be published on January 14, 2011. Please note that the State Records Center and Archives (noted in the report as the Commission of Public Records) is an independent agency not under the authority of the Governor.

**{5}** Ms. Hernandez responded by telling Mr. Martinez that the regulations should not be published because the Governor's executive order applied to the regulations. She also asked him to identify the "point people" for the issuing agencies. Mr. Martinez replied to Ms. Hernandez that the Records Center would "need written notification from the respective *Issuing Agencies* stating the desire to cancel the rule filing[s] that occurred last month" and attached a list of the issuing authorities. (Emphasis added.) The issuing authority for the EIB was identified as Gay Dillingham, Chair of the EIB. The issuing authority for the WQCC was identified as Sarah Cottrell, Chair of the WQCC.

**{6}** During the afternoon of January 4, 2011, Ms. Hernandez sent a high priority e-mail to the contact persons for various administrative agencies and departments requesting that they send written notification to Mr. Martinez to suspend publication of the regulations listed. Soon afterward, Acting Cabinet Secretary of the New Mexico Environment Department Raj Solomon e-mailed Mr. Martinez, requesting suspension of the publication of the two environmental regulations at issue in this case. Soon after that Respondent F. David Martin was nominated to be the Department Secretary and is awaiting confirmation.

**{7}** After learning that publication of the regulations was suspended, Petitioners, as proponents of the adoption of Regulations 20.6.6 and 20.2.100, each filed a petition for writ of mandamus under Rule 12-504 NMRA against Governor Martinez, the Secretary of the New Mexico Environment Department (Secretary), and the State Records Administrator. Petitioners sought an order compelling the State Records Administrator to reinstate the filing of Regulations 20.6.6 and 20.2.100 and to then publish them. Petitioners also sought an order compelling the Governor and the Secretary to rescind their cancellation of the filings and to refrain from interfering with the lawful process by which final administrative regulations are filed with and published by the Records Center. In their respective petitions, Petitioners alleged that Governor Martinez and Secretary-designate Martin exceeded the limits of their constitutional authority in violation of the separation of powers doctrine and that the State Records Administrator had a non-discretionary ministerial duty to publish the regulations.

**{8}** The State Records Administrator, represented by Attorney General Gary King, filed a response stating the Administrator did not have an "opinion and takes no substantive position on the issues raised," but will "abide by the ultimate ruling of the Court concerning

the publication of the rules at issue." Governor Martinez and Secretary-designate Martin responded, asserting that (1) Petitioners lack standing; (2) the dispute is not ripe; (3) mandamus is inappropriate because factual issues exist; (4) the State Records Administrator has discretion regarding when regulations should be published; (5) Petitioners failed to exhaust the administrative remedies created by the Governor in her Executive Order; and (6) the Governor has authority to temporarily suspend the publication of regulations.

**{9}** We conclude that Petitioners do have standing. Petitioners actively participated in the administrative rule-making proceedings, and more importantly they have raised an issue of great public importance, namely whether the Governor and the Secretary-designate have exceeded their constitutional authority by ordering an independent agency to breach a clear, indisputable, and non-discretionary duty. This dispute is also ripe because filing with the Records Center and publication in the New Mexico Register control the right to appeal, the regulations' effective dates, and the regulations' validity and enforceability. The factual issue regarding whether Respondents cancelled the regulations is immaterial because the relevant issue is whether publication of the regulations was suspended. Whether the regulations were properly adopted may not be appropriately raised in these proceedings, but may be the subject of an appeal of the regulations. The State Records Administrator has adopted rules that mandate when regulations are to be published, and therefore lacks discretion when to publish regulations that are submitted by an issuing authority. Finally, because the Governor does not have authority over the EIB, the WQCC, or the Records Center, Petitioners were not bound to exhaust the administrative remedies detailed in Executive Order 2011-001. Indeed, we conclude that on its face, Executive Order 2011-001 does not apply to the regulations at issue, since the subject regulations are not "under the authority of the Governor." Therefore, we have declined to issue a writ of mandamus to Governor Martinez and Secretary-designate Martin. However, because the State Records Administrator has a clear, indisputable, and non-discretionary duty to publish these regulations, the Court's writ of mandamus is appropriate.

**MANDAMUS IS PROPER BECAUSE PETITIONERS HAVE STANDING TO COMPEL PERFORMANCE OF A DUTY THAT IS CLEAR, INDISPUTABLE, AND NON-DISCRETIONARY**

**{10}** Mandamus lies to compel the performance of a ministerial act or duty that is clear and indisputable. *Johnson v. Vigil-Giron*, 2006-NMSC-051, ¶ 22, 140 N.M. 667, 146 P.3d 312; *State ex rel. Four Corners Exploration Co. v. Walker*, 60 N.M. 459, 463, 292 P.2d 329, 331-32 (1956). "A ministerial act is an act which an officer performs under a given state of facts, in a prescribed manner, in obedience to a mandate of legal authority, without regard to the exercise of his own judgment upon the propriety of the act being done." *State ex rel. Perea v. Bd. of Comm'rs of De Baca County.*, 25 N.M. 338, 340, 182 P. 865, 866 (1919).

**{11}** "The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. It shall issue on the information of the party beneficially interested." *State ex rel. Coll v. Johnson*, 1999-NMSC-036, ¶ 12, 128 N.M. 154,

990 P.2d 1277 (internal quotation marks and citation omitted). However, even where a party is not beneficially interested, we will grant standing under the great public importance doctrine, and have done so when the case raises concerns about the separation of powers doctrine. *Id.* ¶ 21.

**{12}** In this case, Petitioners filed petitions with the EIB and the WQCC proposing regulations as they were permitted to do under Sections 74-2-6(A) and 74-6-6(B). It is uncontradicted that they participated in the administrative proceedings until the regulations were adopted and submitted to the Records Center. It is also undisputed that the Records Center accepted the regulations for filing and had scheduled the regulations for publication in the January 14, 2011 edition of the New Mexico Register. The filing of regulations with the Records Center is critical because a regulation cannot become effective until thirty days after its filing with the Records Center, Sections 74-2-6(F) and 74-6-6(E), and the filing date triggers the time to appeal the regulation, Sections 74-2-9(B) and 74-6-7(A). In addition, under Section 14-4-5 and Regulation 1.24.10.16(E) of the Administrative Code, "[n]o rule shall be valid and enforceable until it is filed with the records center and published in the New Mexico register as provided by the State Rules Act." Not only do these provisions explain Petitioners' potential beneficial interest, they also illustrate why this matter is ripe. Filing and publication are conditions precedent to a regulation being effective, valid, and enforceable and begin a litigant's appellate rights.

**{13}** We do not need to decide whether Petitioners have an actual beneficial interest because we conclude that they have standing under the great public importance doctrine. "[T]his Court, in its discretion, may grant standing to private parties to vindicate the public interest in cases presenting issues of great public importance." *State ex rel. Sego v. Kirkpatrick*, 86 N.M. 359, 363, 524 P.2d 975, 979 (1974). Cases in which "great public importance" standing has been recognized involve "clear threats to the essential nature of state government guaranteed to New Mexico citizens under their Constitution--a government in which the three distinct departments . . . legislative, executive, and judicial, remain within the bounds of their constitutional powers." *State ex rel. Coll v. Johnson*, 1999-NMSC-036, ¶ 21 (alteration in original) (internal quotation marks and citations omitted). Petitioners have asserted that the Governor and the Secretary have exceeded the limits of their constitutional powers by temporarily suspending publication of the regulations in this case. For the reasons that follow, we agree that the Governor and the Secretary do not have authority over the EIB, the WQCC, and the Records Center.

## EIB POWERS AND DUTIES THAT ARE INDEPENDENT OF THE GOVERNOR

**{14}** The Legislature created the Department of Environment in the executive branch under Section 9-7A-4 of the Department of Environment Act. NMSA 1978, §§ 9-7A-1 to -15 (1991) (as amended through 2005). The administrative head of the Department is the Secretary, who is responsible to the Governor for the Department's operation. Sections 9-7A-5 to -6. By contrast, under Section 74-1-4 of the Environmental Improvement Act, the Legislature created the EIB. Each of the seven members of the EIB is appointed by the

Governor with the Senate's advice and consent. *Id.* However, under Section 9-7A-12 of the statutes that empowered it to promulgate regulations, the EIB's powers, duties, and responsibilities are explicitly exempt from the authority of the Secretary.

**{15}** The EIB is required to promulgate all regulations applying to persons and entities outside the Environment Department, Section 74-1-5, and in specified areas of the law, Section 74-1-8. Specifically as it relates to this matter, the EIB has the responsibility to "adopt, promulgate, publish, amend and repeal regulations consistent with the Air Quality Control Act." Section 74-2-5(B)(1). The process for the EIB's rule-making authority under the Air Quality Control Act is outlined in Section 74-2-6. Subsection A permits any person to recommend or propose regulations to the EIB. *Id.* Under Subsection F, regulations adopted by the EIB shall become effective thirty days after their filing under the State Rules Act. *Id.* Any appeal of the regulations must be made to the New Mexico Court of Appeals within thirty days of the date of the EIB's filing of the regulation with the Records Center. Section 74-2-9(A)-(B); § 14-4-5.

## WQCC POWERS AND DUTIES THAT ARE INDEPENDENT OF THE GOVERNOR

**{16}** The WQCC was created under Section 74-6-3 of the Water Quality Act. Only four of its fourteen members are appointed by the Governor. *Id.* Like the EIB, under the statutes that empowered it to promulgate regulations, the WQCC's powers, duties, and responsibilities are explicitly exempt from the authority of the Secretary. Section 9-7A-13. The WQCC is responsible for, among other things, adopting, promulgating, and publishing regulations to prevent or abate water pollution, Section 74-6-4(E); and it is specifically mandated to adopt regulations for the dairy industry, Section 74-6-4(K). The process for the WQCC's rule-making authority is outlined in Section 74-6-6. Under Subsection B, "[a]ny person may petition in writing to have the commission adopt, amend or repeal a regulation or water quality standard." *Id.* Under Subsection E, any regulation, standard, or amendment adopted by the WQCC becomes effective thirty days after its filing under the State Rules Act. *Id.* Any appeal of the regulations must be made to the New Mexico Court of Appeals within thirty days of the date of the regulation's filing by the WQCC with the Records Center. Section 74-6-7(A); § 14-4-5.

## RECORDS CENTER POWERS AND DUTIES THAT ARE INDEPENDENT OF THE GOVERNOR

**{17}** The State Rules Act requires any agency that promulgates a regulation to submit the regulation to the Records Center. Section 14-4-2(A) defines "agency" as including boards and commissions. Section 14-4-2(C) defines "rule" as including "any rule, regulation, order, standard, statement of policy, including amendments thereto or repeals thereof issued or promulgated by any agency and purporting to affect one or more agencies besides the agency issuing such rule or to affect persons not members or employees of such issuing agency." The Records Center was created under the Public Records Act, NMSA 1978, Sections 14-3-1 to -25 (1959) (as amended through 2005), and is under the supervision and control of the

State Records Administrator, who in turn is employed by and serves at the pleasure of the State Commission of Public Records. Section 14-3-4; § 14-3-8. Once the Records Center receives a regulation, it must (1) note on the filed document the date and hour of filing, (2) maintain the original copy as a permanent record, (3) publish the regulation in a timely manner in the New Mexico Register, and (4) compile the regulation into the New Mexico Administrative Code (NMAC). Section 14-4-3. The New Mexico Register must be published at least twice a month. Section 14-4-7.1(A). The State Records Administrator is required by law to adopt and promulgate rules necessary for the implementation and administration of the publication of rules in the New Mexico Register and which set forth the procedures for compiling the rules in the NMAC. Section 14-4-7.1(E).

{18} Chapter 24 of Title 1 sets forth the procedures for compiling rules in the NMAC and Title 1, Chapter 24, Part 15 sets forth the rules pertaining to the New Mexico Register. The objective of the New Mexico Register is to inform the public regarding rule-making activity within the executive branch. 1.24.15.6 NMAC. The objective of the NMAC is to establish standards for uniform rule filings to ensure that rules are readily identifiable and available for public inspection. 1.24.10.6 NMAC.

{19} The following administrative rules inform our decision. First, "[t]he records center shall not accept a rule filing signed by other than the issuing authority, or a formally appointed designee." 1.24.10.10(C) NMAC. Second,

> [n]o rule shall be valid and enforceable until it is filed with the records center and published in the New Mexico register as provided by the State Rules Act. If properly submitted and not published as a result of error, the rule shall be deemed to have been published three weeks after filing with the records center.

1.24.10.16(E) NMAC. Third, "[t]he records center shall refuse to file written material if it is not a rule as defined in 1.24.1.7 NMAC or if the materials submitted for rule filing do not conform to the style and format requirements detailed in 1.24.10 NMAC." 1.24.10.17(A) NMAC. Fourth, "[m]aterial that is filed after the cut-off date for publication shall be published in the next issue, and, if necessary, the effective date shall be modified." 1.24.15.11(D)(2) NMAC. The Records Center publishes a submittal deadlines and publication dates schedule on its website at http://www.nmcpr.state.nm.us/nmregister/.

{20} In this case, the EIB Chair was the issuing authority for regulations adopted by the EIB. Mr. Martinez, on behalf of the Records Center, specifically identified the EIB Chair as the issuing authority. Respondents do not contend that the Secretary was formally designated as the issuing authority for regulations adopted by the EIB. The Secretary is not the issuing authority since the law clearly provides that the EIB's powers, duties, and responsibilities under Section 74-2-5 and other statutes are explicitly exempt from the Secretary's authority. Section 9-7A-12. Therefore, the Records Center should have declined to recognize the Acting Secretary's request to suspend publication of Regulation 20.2.100.

8

**{21}** With respect to publication in the New Mexico Register, it is uncontradicted that the Records Center accepted Regulation 20.2.100 for filing on December 27, 2010. Section 14-4-3 requires the Records Center to publish a regulation in a timely manner. Without more, the requirement to publish in a timely manner would not be the type of clear and indisputable duty that would warrant issuance of a writ of mandamus. However, Regulation 1.24.15.11(D)(2) NMAC, adopted to specifically address publication in the New Mexico Register, states that "[m]aterial that is filed after the cut-off date for publication shall be published in the next issue. . . ." Under the 2010 submittal and publication schedule published by the Records Center, regulations submitted to the Records Center between December 16, 2010 and January 4, 2011 were to be published in the January 14, 2011 edition of the New Mexico Register. Because Regulation 20.2.100 was submitted after December 16, 2010 and before January 4, 2011, the Records Center was required to publish it in the January 14, 2011 edition of the New Mexico Register. The Records Center did not have discretion to delay publication. We note that there is no provision in the NMAC that specifically permits an agency to withdraw publication of a regulation that had been accepted for filing by the Records Center. Although Regulation 1.24.10.17 of the Administrative Code specifically addresses when a regulation is to be rejected for filing and publication, Respondents do not contend that this provision applies in this case. We do not need to answer whether an issuing authority may withdraw its request to publish a filed regulation because in this case the issuing authority did not make such a request and the Records Center did not have discretion to delay publication.

**{22}** The same analysis applies with respect to Regulation 20.6.6 filed with the Records Center by the WQCC on December 23, 2010. The WQCC Chair was the issuing authority for regulations adopted by the WQCC and was identified as such by Mr. Martinez of the Records Center. Respondents do not contend that the Secretary was formally designated as the issuing authority for regulations adopted by the WQCC. The Secretary is not the issuing authority because the law clearly provides that the powers, duties, and responsibilities of the WQCC under Section 74-6-4 and other statutes are explicitly exempt from the Secretary's authority. Section 9-7A-13. Therefore, the Records Center should have declined to recognize the Acting Secretary's request to suspend publication of Regulation 20.6.6. Because Regulation 20.6.6 was submitted after December 16, 2010 but before January 4, 2011, the Records Center was required to publish the regulation in the January 14, 2011 edition of the New Mexico Register. It was error for the Records Center not to publish these regulations in the New Mexico Register on January 14, 2011.

**CONCLUSION**

**{23}** The State Records Administrator breached a clear, indisputable, and non-discretionary duty to publish regulations accepted for filing with the Records Center. Therefore, a writ of mandamus ordering the Records Center to publish Regulations 20.6.6 and 20.2.100 forthwith has been issued. To the extent the attorney for Governor Martinez, acting as her agent, and Acting Secretary Solomon ordered the Records Center not to publish

9

these regulations, they were without constitutional or statutory authority to do so. On its face, Executive Order 2011-001 only applies to rules and regulations under the Governor's authority; therefore, a writ of mandamus compelling the Governor to refrain from further interference with the proper and lawful filing and publication of regulations under the State Rules Act is denied. Finally, a writ against Secretary-designate Martin is also not warranted since Secretary-designate Martin did not issue the order to temporarily suspend publication of the regulations.

**{24}   IT IS SO ORDERED.**

_____

**EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____

**CHARLES W. DANIELS, Chief Justice**

_____

**PATRICIO M. SERNA, Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**RICHARD C. BOSSON, Justice**

**Topic Index for *New Energy Economy and Amigos Bravos v. Martinez*, Docket Nos. 32,806 and 32,811**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-RU | Rules |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-SD | Standing |
| CT-SP | Separation of Powers |
| | |
| **GV** | **GOVERNMENT** |
| GV-PR | Public Records |
| GV-RA | Regulatory Authority |
| | |
| **RE** | **REMEDIES** |
| RE-WM | Writ of Mandamus |