**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number: 2017-NMSC-005

Filing Date: November 7, 2016

Docket No. S-1-SC-36142

EDWARD L. HAND, DIANE M. NUNER and
JEFFREY SMITH,

      Petitioners,

v.

BRAD WINTER, New Mexico Secretary of State, and
STATE CANVASSING BOARD,

      Respondents,

and

JAROD K. HOFACKET,

      Real Party in Interest.

ORIGINAL PROCEEDING

Richard Wellborn, Attorney at Law, LLC
Richard B. Wellborn
Las Cruces, NM

for Petitioners

Hector H. Balderas, Attorney General
Sean Cunniff, Assistant Attorney General
Santa Fe, NM

for Respondents

Hofacket Law Firm, L.L.C.
Jarod K. Hofacket
Deming, NM

Real Party in Interest, pro se

**OPINION**

**CHÁVEZ, Justice.**

**{1}**     May the Secretary of State place on the general election ballot the names of political party nominees to fill a vacancy created by a district court judge who resigns effective after a primary election but more than fifty-six days prior to the general election?  The answer is yes, because under NMSA 1978, Section 1-8-8(A) (2015), the vacancy occurs for a public office that is not included in the governor's election proclamation, and pursuant to Article VI, Sections 35 and 36 of the New Mexico Constitution, the judicial vacancy is required to be filled at the next general election, provided that the political parties file their list of nominees with the Secretary of State more than fifty-six days before the general election.

**DISCUSSION**

**{2}**     Judge Daniel Viramontes wrote a letter dated March 10, 2016 to Governor Susana Martinez, informing her of his intent to resign as district court judge of Division 4 of the Sixth Judicial District Court, effective August 26, 2016.  Judge Viramontes did in fact resign on August 26, 2016.  When a metropolitan, district, or appellate court judge resigns his or her position, both the appointment process and the electoral process are implicated.  The appointment procedure and its deadlines are governed by Article VI, Sections 35 to 37 of the New Mexico Constitution, and the election procedure and its deadlines are governed by the Election Code, NMSA 1978, Sections 1-1-1 to 1-24-24 (1969, as amended through 2015).

**A.     Judicial Nominating Procedure**

**{3}**     Article VI, Section 36 creates the district court judges nominating committee and incorporates by reference all of the provisions of the appellate judges nominating commission under Article VI, Section 35 except for the committee make-up.  Article VI, Section 35 requires the nominating committee to meet within thirty days of an actual vacancy,[1] and within that time frame it must submit to the governor the names of persons qualified and recommended by a majority of the committee to fill the vacancy.  The governor may request additional names only once, and absent such a request, the governor must appoint one of the persons nominated by the nominating committee within thirty days after receiving its final nominations or the appointment becomes the responsibility of the Chief Justice of the New Mexico Supreme Court.

---

[1]The nominating committee may meet after a judge officially announces his or her intent to resign but before the actual vacancy so that the governor may appoint a successor to fill an "impending vacancy."  N.M. Const. art. VI, § 35.

2

**{4}** The appointee serves until the next general election, which has been interpreted to mean the general election nearest in time to the actual vacancy. *See State ex. rel. Noble v. Fiorina*, 1960-NMSC-107, ¶¶ 3, 5, 6, 17, 67 N.M. 366, 355 P.2d 497 (interpreting "until the next general election" in the antecedent to Article VI, Section 35 to require a judicial appointee to a vacancy occurring after the primary to be placed on the general election ballot of the same year when nominated by a political party). An appointee who is the prevailing candidate in the general election or that appointee's prevailing opponent holds the office until the expiration of the original term of the judge whose resignation created the vacancy.[2] *See State ex. rel King v. Raphaelson*, 2015-NMSC-028, ¶¶ 14-16, 356 P.3d 1096.

**{5}** With respect to the vacancy created by the resignation of Judge Viramontes, the Sixth Judicial District Court Nominating Committee timely met on September 22, 2016 and submitted the names of Petitioner Edward Hand and Real Party in Interest Jarod Hofacket to Governor Martinez for her consideration. Governor Martinez timely appointed Hofacket by letter dated October 21, 2016, stating that his term would begin on November 4, 2016.[3] Hofacket is to serve until the next general election, which in this case is scheduled for November 8, 2016. Either Hofacket or his successor, whoever is elected during the upcoming general election, will hold office until the expiration of the term held by Judge Viramontes, at which time he or she will be eligible for a nonpartisan retention election. *See* N.M. Const. art. VI, § 33(A).

**{6}** Petitioners do not challenge Governor Martinez's appointment of Hofacket. Instead, they filed a petition for writ of mandamus, injunction, and declaratory judgment asking this Court to declare that Secretary of State Brad Winter acted arbitrarily, capriciously, and in violation of law by placing Hofacket on the November 8, 2016 general election ballot. Petitioner Hand, a Republican attorney, was also recommended to Governor Martinez for appointment to the vacancy created by Judge Viramontes's resignation. Petitioner Diane Nuner is a registered Republican in Luna County, and Petitioner Jeffrey Smith is a registered Democrat in Luna County. Hand contends that placing Hofacket on the general election ballot as the only candidate deprives Hand of participating in a partisan election and renders the Governor's appointment moot. Nuner and Smith contend that placing Hofacket on the general election ballot deprives them of the opportunity to vote in both a primary and a general election to fill the vacancy created by Judge Viramontes's resignation.

**{7}** A writ of mandamus will issue to "compel the performance of a ministerial act or duty that is clear and indisputable," as long as there is not "a plain, speedy and adequate remedy in the ordinary course of law." *New Energy Econ., Inc. v. Martinez*, 2011-NMSC-

---

[2]After prevailing in the general election, the judge will stand for retention election pursuant to Article VI, Sections 33 and 34 of the New Mexico Constitution.

[3]We do not comment on the propriety of the governor specifying a commencement date for the appointee's term.

006, ¶¶ 10-11, 149 N.M. 207, 247 P.3d 286 (internal quotation marks and citation omitted). In this case, Secretary of State Winter had a clear and indisputable duty under Section 1-8-8 to place Hofacket on the general election ballot. We therefore deny the petition for writ of mandamus.

**B.      The Election Code Governs the Placement of Judicial Appointees on the Ballot**

**{8}**      Once Judge Viramontes resigned, Governor Martinez appropriately exercised her authority to appoint Hofacket to serve until the next general election. However, a governor does not have the authority to place his or her appointee on the ballot. The Election Code prescribes how candidates are placed on the ballot. In this case, the vacancy occurred on August 26, 2016, which was after the June 7, 2016 primary election. The vacancy also occurred after March 1, 2016, which was the last day that Governor Martinez could amend the primary election proclamation for elections in 2016. *See* §§ 1-8-12 & -13 (authorizing the governor to issue a primary election proclamation listing the offices for which each political party shall nominate candidates) *and* § 1-18-16 (permitting the governor to amend the proclamation until the first Tuesday in March to include "any existing office [which became] vacant by removal, resignation or death [on or before] the last Friday before the first Tuesday in March").

**{9}**      What happens when a public office is vacated because of a resignation occurring after the governor's deadline for amending the primary election proclamation has expired? The answer is found in Section 1-8-8, which is titled "Vacancy on general election ballot; occurring after primary." Section 1-8-8(A) provides, in relevant part:

> If after a primary election . . . a vacancy occurs because of the resignation . . . of a person holding a public office not included in the governor's proclamation and which office is required by law to be filled at the next succeeding general election . . . the vacancy on the general election ballot may be filled by:
>
>           (1)  the central committee of the state political party filing the name of its nominee for the office with the proper filing officer when the office is a . . . district office . . . .

District court judges are in the category of a district office which requires nomination by state central committees. *Johnson v. Vigil-Giron*, 2006-NMSC-051, ¶ 9, 140 N.M. 667, 146 P.3d 312. In addition, Section 1-8-8(D) requires the state central committees to file their lists of nominees to fill vacancies at least fifty-six days prior to the general election. For the 2016 general election, this deadline was September 13, 2016. *See* NMSA 1978, § 12-2A-7(A), (H) (1997) (setting forth rules for construing statutory deadlines). The fifty-six day deadline coincides with the date by which ballots for the general election must be prepared. *See* § 1-10-4(B).

4

**{10}** All of the relevant elements of Section 1-8-8 are met in this case because (1) Judge Viramontes effectively resigned after the primary election; (2) he held a public office not included in the Governor's proclamation; (3) the vacancy was of an office required by the New Mexico Constitution to be filled at the next general election; and (4) on September 9, 2016, sixty days prior to the general election, the State Central Committee of the Republican Party wrote to Secretary of State Winter nominating Jarod Hofacket to be placed on the November 8, 2016 general election ballot for the Sixth Judicial District, Division 4 judgeship. No other names were submitted to Secretary of State Winter, and therefore Hofacket will be uncontested in the general election. Hand could have sought the nomination of the Republican State Central Committee. However, his only explanation for not doing so is that unbeknownst to him, Hofacket met with the Republican State Central Committee to secure the nomination. The impending resignation of Judge Viramontes was not a secret; he announced his intention to resign by letter dated March 10, 2016. The chair of the judicial nominating committee is responsible for publicly announcing the existence of the vacancy and relevant deadlines. *Rules Governing Judicial Nominating Commissions*, § 2(a) at 2 (2011), *available at* http://lawschool.unm.edu/judsel/process/ rulesgoverningjudicialnominatingcommissions0711.pdf. Ample time was available for both the political parties and any interested candidates to seek a party nomination for this office. Simply because Hofacket is uncontested in the general election does not render Secretary of State Winter's actions arbitrary, capricious, or unlawful. The law does not require parties to nominate candidates, and in this case, Hand does not contend that the Republican State Central Committee somehow violated its rules for complying with Section 1-8-8. For all of these reasons, we deny the petition for writ of mandamus.

**CONCLUSION**

**{11}** Because Secretary of State Winter had a clear and indisputable duty to place the name of Jarod Hofacket on the November 8, 2016 general election ballot, the petition for writ of mandamus is without merit and is therefore denied.

**{12}** **IT IS SO ORDERED.**

                                         _____

                                         **EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**BARBARA J. VIGIL, Justice**

5